UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CR-00159-H

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.

RUDOLFO VALENCIA                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On September 14, 2012, United States Magistrate Judge Dave Whalin filed his Report and Recommendation (ECF No.111) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Defendant Rudolfo Valencia has filed timely objections. The Court has reviewed the record and Magistrate Judge Whalin's Recommendation *de novo*, including the portions of the Recommendation to which Valencia objects. For the reasons set forth below, the objections to the findings of the magistrate judge are rejected, the Recommendation is accepted and adopted, and the motion to suppress evidence is denied.

I.

To briefly summarize, this action stems from a federal indictment of three individuals for conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, and with the knowing possession with intent to distribute the same.[1] On October 19, 2011, Sgt. Bill Edwards of the Elizabethtown Police Department, and Det. Jeff Gregory of the Kentucky State Police Drug Enforcement Special Investigation Unit, stopped a vehicle traveling on Ky. 55. Sgt. Edwards

---

[1] To the extent the following factual summary is inconsistent with the Magistrate's Finding of Fact, the Magistrate's findings control. This Court merely presents an overview of the facts to provide context for review of Valencia's objections.

1

stopped the vehicle based on information he had received from other law enforcement officers that the truck contained illegal controlled substances.

Throughout that day, law officials worked together with a confidential informant, investigating a drug transaction occurring in the Bardstown, Kentucky area. The confidential informant advised authorities that two Hispanic males were driving a red truck to a residence located at 205 Drake Ridge Road where the drug transaction would occur. A surveillance team stationed outside the residence confirmed this information. The officer observed the truck pull into the garage of the home where it remained for nearly two hours. Sgt. Edwards, stationed at a nearby staging area, was aware of the informant's information and the direct observations of the officers outside the residence. Sgt. Edwards then drove toward the residence, but before he arrived, the truck had already departed. Shortly thereafter, Sgt. Edwards spotted the truck as it traveled down Ky. 55. By his own observation, he confirmed that the truck matched the description provided by the confidential informant, as it contained two Hispanic males and was coming in the direction from 205 Drake Ridge Road. Based on these facts, Sgt. Edwards stopped the vehicle, believing that the occupants of the truck were involved in criminal activity and that illicit controlled substances would be found within the vehicle.

Defendant moved to exclude evidence obtained from the search of the truck claiming the police improperly stopped and searched the vehicle in violation of the Fourth Amendment. United States Magistrate Judge Dave Whalin conducted an evidentiary hearing on June 29, 2012 to address the motion. The Court initially denied Valencia's motion from the bench but advised counsel for Valencia it would consider any additional arguments in a written motion. Valencia and the United States each filed post-hearing briefs. Magistrate Judge Whalin rendered his Report and

Recommendation suggesting Valencia's Motion to Suppress be denied. Valencia has filed timely objections to the Report and Recommendation.

With respect to factual findings, a magistrate judge's factual determinations are afforded great deference given his or her superior position of viewing the witnesses and testimony firsthand. *United States v. Esteppe*, 483 F.3d 447, 452 (6th Cir. 2007)(citation omitted). A reviewing court "must uphold . . . findings of fact unless they are clearly erroneous." *Id*.

It appears Valencia makes two objections challenging specific factual findings and one objection as to the conclusion that the facts established reasonable suspicion for the investigative stop. Valencia's objections are largely reiterations of arguments he previously raised in support of his Motion to Suppress. The Court believes Magistrate Judge Whalin's well-reasoned and supported Report and Recommendation already addresses most of Valencia's arguments. However, in the utmost caution, the Court will proceed with an analysis of the issues. The Court will address each objection individually.

## II.

First, Valencia objects to the Magistrate's factual finding that the informant provided information that was confirmed by surveillance. Specifically, Valencia asserts that the "only thing that surveillance established was that a red truck had arrived at the Drake Ridge Road address and pulled into the garage." Brief for Valencia at 4 (ECF No. 123). He further contends that this is "irrelevant and meaningless to the issue." *Id*. At the hearing, Sgt. Edwards testified that the confidential informant had advised law enforcement officials that two Hispanic suspects were driving a red Chevy or GM truck and that they would be traveling to a residence located at 205 Drake Ridge Road to engage in a drug transaction. The surveillance team then confirmed the

3

accuracy of the information - the vehicle, the number of its occupants, their ethnicity and their destination. Moreover, the Court finds that the information directly observed from the surveillance team stationed outside the Drake Ridge Road residence is relevant because it corroborates the information provided by the informant. As the Magistrate Judge notes, "When facts known to the officers confirm the accuracy of information supplied by the confidential informant, such facts may be relied on to substantiate the reliability of the informant." Findings of Fact at 12 (ECF No.111)(citing *United States v. May*, 399 F.3d 817, 824 (6th Cir. 2005)).

Next, Valencia objects to the Magistrate's factual finding that the surveillance team never communicated to Sgt. Edwards that two suspects, as opposed to several, had arrived at the Drake Ridge Road residence. Valencia argues that Sgt. Edwards had no information about the number of occupants, only that they were Hispanic males. However, the record supports the Magistrate Judge's factual finding. In the transcript, Sgt. Edwards repeatedly details the information relayed to him from surveillance team, including the number of suspects in the red truck. When asked what information he received while waiting in the staging area, Sgt. Edwards replied "that two Hispanic males operating a red Chevy stepside or GMC stepside had pulled into a garage area at 205 Drake Ridge Road." Transcript of Suppression Hearing at 51 (ECF No. 97). Moreover, the Court does not find the witness's interchangeable use of "several Hispanic males," "two Hispanic males" and "Hispanic suspects" when recalling the events of the day as a red herring. Accordingly, the Court finds nothing objectionable with the Magistrate Judge's factual findings.

III.

Valencia also argues that Magistrate Judge Whalin erred when he concluded that Sgt. Edwards and his fellow officers possessed a reasonable suspicion under *Terry* that the occupants of

4

the red truck were involved in illegal drug activity at the time of the stop. In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held a police officer may conduct a brief investigatory stop of a person if the officer has a reasonable suspicion, supported by specific articulable facts, that criminal activity has occurred or is about to occur. Magistrate Judge Whalin, having looked at the totality of the circumstances, found that Sgt. Edwards had an objectively reasonable suspicion of criminal activity at the time the stop was made. He thus concluded that the warrantless stop did not violate Valencia's Fourth Amendment rights, and recommended that the Motion to Suppress be denied. This court finds no error in Magistrate Judge Whalin's reasoning and finds that the conclusions are fully supported by the record evidence.

Accordingly, the Court accepts and adopts the Recommendation. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Court ACCEPTS and ADOPTS Magistrate Judge Whalin's Findings of Fact, Conclusions of Law and Recommendations pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS FURTHER ORDERED that Defendant Rudolfo Valencia's Motion to Suppress is DENIED.

cc: Counsel of Record